## NOVEMBER TERM, 1786.

### ZACHARIAH HERNDON *v.* JAMES HOGAN.

*On a Caveat.*

The plaintiff, on the 29th day of April, 1780, made the following entry with the surveyor of Kentucky county, to-wit:

" Zachariah Herndon, assignee of James Riddle, enters 100 acres of land, by virtue of a military warrant, in Kentucky, on the north side of Kentucky river, at Sweed's ford, and running north for quantity."

The defendant, on the 4th day of December, 1782, made the following entry with the surveyor of Fayette county, to-wit:

" James Hogan, assignee, etc., enters on a military warrant, No. 818, fifty acres of land on Kentucky river at the mouth of Hickman creek, including the creek, and running down the river for quantity."

Both entries being surveyed, the plaintiff, on the 30th day of March, 1785, entered the following caveat, to-wit:

" Let no grant issue to James Hogan, or his assigns, for 50 acres of land, surveyed for him on military warrant on the Kentucky river, on the north side thereof, at the mouth of Hickman creek, in Fayette county ; Zachariah Herndon claiming the same as being included in an entry made for him, prior to the said Hogan's, of 100 acres, made on military warrant, on and binding on the north side of the Kentucky river at Sweed's ford, which will be proved to be the same place ; made in Kentucky county."

The annexed plat, No. 1, was returned by virtue of an order made in the cause:

A represents an old ford, and is the beginning of the plaintiff's survey, which is designated on the plat by the letters A B C D E F G H, and black lines binding on the Kentucky river. The defendant's survey is designated by dotted lines, and binding on the river. The water courses are the Kentucky river and Hickman creek.

The following facts were found by a jury:

*First.* That there was a place on the Kentucky river called by the name of the Sweed's ford, both before, and at the time, and shortly after the plaintiff's making his entry, though it was known to but few.

*Secondly.* That the said ford is ten poles below the mouth of Hickman creek.

*Thirdly.* That the said ford acquired its name about the year 1771, and that there is no other place proved to the jury to have had that name.

*Fourthly.* That the ford of Kentucky river, below and near the mouth of Hickman creek, acquired the name of the mouth of Hickman about the fall 1775, and has generally been known by that name ever since.

The jury, in addition to this, found the dates of the two entries, and gave their opinions, *as a fact*, that they were neither of them surveyed agreeably to location.

BY THE COURT.—The plaintiff's entry is not sufficient in law to entitle him to the land in dispute. Caveat dismissed with costs.